UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSADE SERVICES, INC.,  }
A Maryland Corporation d/b/a  }
JUST TRUST SOLUTIONS,  }
12501 Prosperity Lane, Suite 350  }
Silver Spring, MD 20904  }
  }
       Plaintiff,  } Civil Action No. _____
  }
v.  }
  }
  }
**MDL 926 CLAIMS OFFICE,**  }
a Claims Office Established by the MDL 926 Court }
500 Jefferson Street, Suite 1800,  }
Houston, Texas 77002,  }
  }
SERVE:  }
Jean M. Eliason, Claims Administrator  }
500 Jefferson Street, Suite 1800,  }
Houston, Texas 77002,  }
  }
SERVE:  }
Edgar C. Gentle, III, Escrow Agent  }
2 North 20th Street, Suite 1200  }
Birmingham, Alabama, 35203,  }
  }
       Defendant.  }

## COMPLAINT

Plaintiff JOSADE SERVICES, INC., a Maryland Corporation d/b/a JUST TRUST SOLUTIONS, by and through its counsel, and seeks declaratory relief and sues for damages Defendant MDL 926 CLAIMS OFFICE, a Claims Office Established by the United States District Court for the Northern District of Alabama, and for its complaint sets for the following counts, each of which is plead in the alternative to the extent they may contradict, and states as follows:

## JURISDICTION & VENUE

1. In this action, Plaintiff seeks a declaratory judgment in its favor that it is the exclusive owner of the software and source code, as defined below, and further seeks a judgment in its favor for unpaid invoices for services provided by Plaintiff to Defendant.

2. This Court has jurisdiction over the subject matter under 28 U.S.C.A. 1332 because there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this Court by agreement of the parties through a mandatory forum-selection provision. See "License Agreement", Exhibit 1, Paragraph 7.

## PARTIES

4. Plaintiff is a Maryland corporation which transacts business and provides services in the District of Columbia and develops, operates, and/or markets, among other things, custom computer software and documentation related to such software, for use in the litigation, claims administration, and data management fields.

5. Defendant is a claims office established by the United States District Court for the Northern District of Alabama, the MDL 926 Court, to administer the MDL 926 Settlement Fund under the terms of the Original Global Breast Implant Settlement and the Revised Settlement Program involving claims related to silicone breast implants ("Claims").

6. Defendant's principal place of business is located at 500 Jefferson Street, Suite 1800, Houston, Texas 77002.

## OPERATIVE FACTS

7. On or about May 30, 2003, Plaintiff and Defendant entered into a License Agreement under which Plaintiff granted to Defendant an exclusive license to use, sublicense,

and make derivatives of the custom software and source code that Plaintiff developed specifically for Defendant for use in processing Claims ("Software"). A copy of the License Agreement is attached hereto as Exhibit 1 and fully incorporated herein by reference.

8. The Software is owned by Plaintiff.

9. The License Agreement grants Defendant an exclusive license to use the Software but Defendant is now asserting exclusive ownership rights to the Software.

10. In addition to the License Agreement, Plaintiff provided maintenance and support services relating the Software as requested by Defendant.

11. Prior to the services for which Plaintiff seeks payment of herein, Defendant has remitted payment in full for all services Plaintiff rendered.

12. On or about August 16, 2005 Defendant requested that Plaintiff provide furher maintenance and support services to Defendant.

13. Plaintiff performed the services as requested by Defendant.

14. Defendant has failed to remit the invoice amounts owed by Defendant to Plaintiff for the services performed and refuses to remit payment.

15. As of June 30, 2007, the outstanding balance due and payable from Defendant to Plaintiff was $222,812.61, plus any interest accrued thereon.

<strong><u>CLAIMS FOR RELIEF</u></strong>

<strong><u>COUNT I</u></strong><br><strong><u>PETITION FOR DECLARATORY JUDGMENT INTERPRETING CONTRACT</u></strong>

16. The allegations set forth in Paragraph 1 - 15 are fully incorporated herein by reference and Plaintiff further alleges as follows:

17. The facts alleged demonstrate a substantial controversy between the parties of

sufficient immediacy to warrant declaratory relief pursuant to 28 U.S.C.A. 2201, *et seq.*

18. The interpretation by Defendant of the License Agreement threatens Plaintiff's proprietary interest in the Software.

19. Plaintiff seeks declaratory judgment from the Court that the License Agreement does not vest exclusive ownership rights of the Software and its source code in Defendant but rather that exclusive ownership rights remain with Plaintiff.

20. Plaintiff has no other adequate remedy at law.

WHEREFORE, Plaintiff prays that this Court enter a declaratory judgment that ownership of the Software and its source code is vested exclusively in Plaintiff, and award Plaintiff any other such relief as may be just and appropriate.

## COUNT II
## BREACH OF CONTRACT

21. Paragraphs 1 through 20 are hereby incorporated by reference as to this, Count II of Plaintiff's Complaint, and the facts therein realleged as if fully set forth in full herein.

22. Defendant is under an duty to perform in accordance with and abide by the terms of their agreement and contractual obligations with Plaintiff.

23. The parties agreed to the material terms of the services provided by Plaintiff to Defendant and intended to be bound.

24. Defendant has willfully and materially breached their agreement by refusing to pay Plaintiff as agreed for services performed.

25. Defendant continues to willfully and materially breach the agreement.

26. Plaintiff has fulfilled all of its duties and obligations under the agreement.

WHEREFORE, Plaintiff prays that this Court award to Plaintiff compensatory damages in

the amount of $222,812.61, plus interest, costs, reasonable attorney's fees, and such other relief as may be just and appropriate.

## COUNT III
## QUANTUM MERIUT

27.   Paragraphs 1 through 26 are hereby incorporated by reference as to this, Count III of Plaintiffs' Complaint, and the facts therein re alleged as if fully set forth in full herein.

28.   Upon the request of the Defendant, Plaintiff provided and rendered valuable services to the Defendant.

29.   Defendant accepted these services, which it uses and enjoys.

30.   Defendant was reasonably notified that the Plaintiff expected to be paid by Defendant for these services.

WHEREFORE, Plaintiffs pray that this Court award to Plaintiff compensatory damages in the amount of $222,812.61, plus interest, costs, reasonable attorney's fees, and such other relief as may be just and appropriate.

## COUNT IV
## UNJUST ENRICHMENT

31.   Paragraphs 1 through 30 are hereby incorporated by reference as to this, Count IV of Plaintiffs' Complaint, and the facts therein realleged as if fully set forth in full herein.

32.   Plaintiff provided valuable services to the Defendant for the benefit of the Defendant.

33.   The Defendant retains that benefit.

34.   Under the circumstances, the Defendant's retention of the benefits is unjust.

WHEREFORE, Plaintiffs pray that this Court award to Plaintiff compensatory damages in the amount of $222,812.61, plus interest, costs, reasonable attorney's fees, and such other relief as

may be just and appropriate.

## COUNT V
## PROMISSORY ESTOPPEL

35. Paragraphs 1 through 34 are hereby incorporated by reference as to this, Count V of Plaintiffs' Complaint, and the facts therein realleged as if fully set forth in full herein.

36. Defendant promised that Plaintiff would be paid for its services.

37. Defendant's promise to pay Plaintiff induced Plaintiff to provide services and Plaintiff relied on Defendant's promise to its detriment.

38. Enforcement of Defendant's promise to pay would prevent injustice.

WHEREFORE, Plaintiffs pray that this Court award to Plaintiff compensatory damages in the amount of $222,812.61, plus interest, costs, reasonable attorney's fees, and such other relief as may be just and appropriate.

RESPECTFULLY SUBMITTED,

_____
Ashley E. Wiggins, D.C. Bar No. 481557
Mark G. Griffin, D.C. Bar No. 198978
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
(202) 429-9000
*Co-Counsel for the Plaintiff*

# EXHIBIT 1

Received at: 5:01PM, 5/27/2003
MAY 27 2003 17:57 FR DSM & O         2022235807 TO 18324021222#0009 P.05

## License Agreement

This License Agreement (the "Agreement") is made as of _____, \_\_\_\_ ("Effective Date") by and between _____ ("Licensor") and the MDL 926 Claims Office ("Licensee"), and is effective as of the Effective Date. Licensor and Licensee are herein referred to jointly as the "Parties" and each as a "Party."

### Recitals

i.  Licensor develops, operates and/or markets, among other things, custom computer software and documentation related to such software for use in the litigation, claims administration, and data management fields.

ii. Licensee is the Claims Office established by the MDL 926 Court to administer the original "global" Lindsey settlement and subsequently the Lindsey Revised Settlement Program, involving claims related to breast implants.

iii. Before the Effective Date, Licensor developed for Licensee a custom computer program for use in the settlement of breast-implant claims ("Field of Use") for which Licensee fully paid Licensor all fees and costs associated therewith ("Software").

iv. Before the Effective Date, and with Licensor's knowledge and consent, Licensee proceeded to exclusively use the Software in the Field of Use.

v. The Parties desire to memorialize in this Agreement their understanding regarding Licensee's rights and interests in and to the Software in order to enable Licensee to perform its business and services in the Field of Use.

### Agreement

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  **Exclusive License Grant.**

    Licensor grants to Licensee and Licensee hereby accepts an exclusive perpetual license to use, sublicense, and make derivatives of the Software in the Field of Use. For purposes of this Agreement, the Software shall include both object and source code versions of the Software and all documentation related to the Software, including but not limited to user manuals, flow charts, and other development documentation. Licensee agrees that it shall not use, sublicense, or create derivatives of the source code version of the Software outside of the Field of Use. Licensee further agrees that the Software sublicenses shall restrict uses of the source code versions of the Software to the internal business purposes of the sublicensees within the Field of Use. In no event shall the sublicensees be permitted to further sublicense the source code versions of the Software to third parties, whether inside or outside of the Field of Use.

Received at: 5:01PM, 5/27/2003
MAY 27 2003 17:57 FR DSM    2022236007 TO 1032#821222#0008 P.06

2. **Term.**

The Term of this Agreement will commence on the Effective Date and continue until terminated in accordance with this Agreement.

3. **Termination.**

Without prejudice to any other available remedies, either Party may terminate this Agreement if the other Party is in material breach of this Agreement and the other Party will have failed to cure such breach to the reasonable satisfaction of the first Party within thirty (30) days after having been notified in writing of such breach.

4. **Fees, Payments.**

Licensor acknowledges and agrees that Licensee has paid all fees and royalties to Licensor and that Licensee owes no further monies to Licensor for the Software.

5. **Intellectual Property.**

The Parties acknowledge and agree that title and ownership of the Software belongs to Licensor, subject to the terms and conditions of this Agreement. To the extent that the Licensee develops any derivatives, modifications or additional versions of the Software ("Derivative Works"), then Licensee shall own such Derivative Works.

6. **Exclusion of Damages; Limitation of Liability.**

NEITHER PARTY SHALL BE LIABLE TO THE OTHER PARTY FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, PUNITIVE OR SPECIAL DAMAGES ARISING OUT OF OR RELATED TO THIS AGREEMENT INCLUDING, WITHOUT LIMITATION, SUCH DAMAGES FOR LOSS OF BUSINESS PROFITS AND/OR BUSINESS INFORMATION, EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

7. **Governing Law.**

This Agreement will be governed by and construed in accordance with the laws of the District of Columbia. Any disputes arising under this Agreement or concerning its interpretation will be resolved exclusively in the state or federal courts located in the District of Columbia, and each Party irrevocably consents to the exercise of jurisdiction by said courts over it.

8. **Entire Agreement, No Waiver.**

The terms and provisions contained in this Agreement constitute the entire understanding between the Parties with regard to the subject matter hereof and shall supersede all previous communications, either oral or written. This Agreement shall not be modified except by a written agreement dated subsequent to the date of this Agreement and signed on behalf of the Parties by

2

Received at: 5:01PM, 5/27/2003

MAY 27 2003 17:58 FR DSM N Q   2022436807 TO 16327021222#0009 P.07

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the Effective Date.

LICENSOR
By: _____
Printed Name: _____
Title: _____
Date: _____

LICENSEE
By: _____ [signed]
Printed Name: Ana T. Cochran
Title: Claims Administrator
Date: 5/30/03

3

** TOTAL PAGE.07 **

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

M
07-1404
EGS

## I (a) PLAINTIFFS
Josade Services, Inc., d/b/a Just Trust Solutions

## DEFENDANTS
MDL 926 Claims Office

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ashley E. Wiggins
Mark G. Griffin
1912 Sunderland Place NW
Washington, DC 20036

Case: 1:07-cv-01404
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/2/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

DFT. TWICE

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332 - This is a request for declaratory judgment of contract interpretation and breach of contract, inter alia.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 222,812.61    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE August 2, 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.