IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSADE SERVICES, INC.,<br>A Maryland Corporation d/b/a<br>Just Trust Solutions<br>12501 Prosperity Lane, Suite 350<br>Silver Spring, MD 20904,<br><br>    Plaintiff,<br><br>    vs.<br><br>MDL 926 CLAIMS OFFICE,<br>500 Jefferson, Suite 1800<br>Houston, TX 77002,<br><br>    Defendant. | Civil Action No. 1:07-cv-01404 (EGS)<br>Defendant's Answer to Plaintiff's Complaint |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant MDL 926 Claims Office ("Claims Office" or "Defendant"), by and through its undersigned counsel, answers Plaintiff Josade Services, Inc.'s ("Josade Services" or "Plaintiff") Complaint as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint asserts a legal conclusion to which no response is required. To the extent Paragraph 1 contains any factual allegations, Defendant denies such allegations.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits in part and denies in part the allegations contained in Paragraph 3 of the Complaint. Defendant admits in part that venue is proper in this Court pursuant to the parties' written License Agreement's forum-selection provision, to the extent that the Complaint contains allegations arising from the parties' written License Agreement. See "License Agreement," Complaint Exhibit 1, Paragraph 7. Defendant denies in part that venue is proper in

this Court pursuant to the parties' written License Agreement to the extent that the Complaint contains allegations relating to "maintenance and support services" because the License Agreement does not govern the provision of such services.

## PARTIES

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint that Plaintiff is a Maryland corporation that develops, operates, and/or markets, among other things, custom computer software and documentation related to such software for use in the litigation, claims administration, and data management fields. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, stating that Plaintiff transacts business and provides services in the District of Columbia.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## OPERATIVE FACTS

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 insofar as Defendant admits that Plaintiff owns the Software "subject to the terms and conditions of th[e License] Agreement." See "License Agreement," Complaint Exhibit 1, Paragraph 5.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint because the License Agreement not only grants Defendant "an exclusive perpetual license to use" the Software, but also to "sublicense, and make derivatives of the Software in the Field of Use." See "License Agreement," Complaint Exhibit 1, Paragraph 1. Defendant also denies that it now asserts exclusive ownership rights to the Software and asserts no such claim in this Answer.

10. Defendant admits in part and denies in part the allegations contained in Paragraph 10 of the Complaint. Defendant admits that Plaintiff has provided some "maintenance and support services," but denies that other "maintenance and support services" have been provided by Plaintiff and/or requested or authorized by Defendant.

11. Defendant admits in part the allegations contained in Paragraph 11 of the Complaint to the extent that Defendant admits that it "has remitted payment in full for all [maintenance and support] services Plaintiff rendered" and that it has made full payment for the Software, including the source code, under the express terms of the License Agreement. See "License Agreement," Complaint Exhibit 1, Recital iii ("Licensee fully paid Licensor all fees and costs associated therewith ("Software")"); Exhibit 1, Paragraph 4 ("Licensor acknowledges and agrees that Licensee has paid all fees and royalties to Licensor and that Licensee owes no further monies to Licensor for the Software."). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint because Defendant does not know the specific services for which Plaintiff seeks payment and Plaintiff did not specify the services in the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## CLAIMS FOR RELIEF
## COUNT I

### PETITION FOR DECLARATORY JUDGMENT INTERPRETING CONTRACT

16. Paragraphs 1 through 15 are fully incorporated herein by reference.

17. Paragraph 17 of the Complaint asserts a legal conclusion to which no response is required.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint asserts a legal conclusion to which no response is required.

20. Paragraph 20 of the Complaint asserts a legal conclusion to which no response is required.

## COUNT II

## BREACH OF CONTRACT

21. Paragraphs 1 through 20 are fully incorporated herein by reference.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint because Plaintiff has failed to clearly identify the alleged "agreement" and "contractual obligations."

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT III

## QUANTUM MERIUT

27. Paragraphs 1 through 26 are fully incorporated herein by reference.

28. Defendant admits in part and denies in part the allegations contained in Paragraph 28 of the Complaint. Defendant admits that it requested certain specific maintenance and support services from Plaintiff, but denies that it requested other maintenance and support services allegedly provided, and denies that Plaintiff provided and rendered "valuable"

maintenance and support services to Defendant.  Further, the Complaint does not sufficiently identify the "services" alleged.

29.  Defendant admits in part and denies in part the allegations contained in Paragraph 29 of the Complaint.  Defendant admits that it accepted certain specific maintenance and support services from Plaintiff, but denies that it requested, authorized, or accepted other maintenance and support services, and denies that it is able to use or enjoy all such services or actually uses or enjoys all such services.  Further, the Complaint does not sufficiently identify the "services" alleged.

30.  Defendant denies the allegations contained in Paragraph 30 of the Complaint.  Further, the Complaint does not sufficiently identify the "services" alleged.

## COUNT IV

## UNJUST ENRICHMENT

31.  Paragraphs 1 through 30 are fully incorporated herein by reference.

32.  Defendant admits in part and denies in part the allegations contained in Paragraph 32 of the Complaint.  Defendant admits that it requested certain specific maintenance and support services from Plaintiff, but denies that it requested other maintenance and support services allegedly provided, and denies that Plaintiff provided and rendered "valuable" maintenance and support services to Defendant.  Further, the Complaint does not sufficiently identify the "services" alleged.

33.  Defendant admits in part and denies in part the allegations contained in Paragraph 33 of the Complaint.  Defendant admits that it accepted and retained the benefit of certain specific maintenance and support services from Plaintiff, but denies that it requested, authorized, accepted, or retained the benefit of other maintenance and support services and

denies that Plaintiff provided and rendered "valuable" maintenance and support services to Defendant. Further, the Complaint does not sufficiently identify the "services" alleged.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT V

## PROMISSORY ESTOPPEL

35. Paragraphs 1 through 34 are fully incorporated herein by reference.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint. Further, the Complaint does not sufficiently identify the "services" alleged.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint. Further, the Complaint does not sufficiently identify the "services" alleged.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED)

39. Paragraphs 1 through 38 are fully incorporated herein by reference.

40. Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(FULL PERFORMANCE OF LICENSE AGREEMENT)

41. Paragraphs 1 through 40 are fully incorporated herein by reference.

42. Defendant has fully performed its duties and obligations under the License Agreement as Plaintiff admits in that Agreement. See "License Agreement," Complaint Exhibit 1, Recital iii ("Licensee fully paid Licensor all fees and costs associated therewith

("Software")"); Exhibit 1, Paragraph 4 ("Licensor acknowledges and agrees that Licensee has paid all fees and royalties to Licensor and that Licensee owes no further monies to Licensor for the Software.").

43. Plaintiff's claims related to the License Agreement are thereby barred by reason of Defendant's full performance.

### THIRD AFFIRMATIVE DEFENSE
### (PAYMENT FOR MAINTENANCE AND SUPPORT SERVICES)

44. Paragraphs 1 through 43 are fully incorporated herein by reference.

45. Prior to the commencement of this action, on or about March 1, 2006, Defendant duly paid, satisfied, and discharged the alleged claims of Plaintiff set forth in its Complaint by paying Plaintiff the total sum of $150,690.76 for maintenance and support services billed from July 2005 to October 2005.

46. Plaintiff's claims are thereby barred by reason of Defendant's payment for maintenance and support services.

### FOURTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

47. Paragraphs 1 through 46 are fully incorporated herein by reference.

48. To the extent Plaintiff seeks equitable relief, its inequitable conduct in failing to provide the current version of the source code version of the Software, failing to provide timely, authorized, complete, reasonable, and/or functional services, retaining Defendant's payments for untimely and ineffective services, failing to account for its services and charges in a reasonable manner, and fraudulently and improperly billing Defendant for services that were not authorized, not completed within a reasonable time, and/or not completed properly constitutes unclean hands.

DSMDB-2327337v01

49. Plaintiff's claims are thereby barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (EQUITABLE ESTOPPEL)

50. Paragraphs 1 through 49 are fully incorporated herein by reference.

51. The claims contained in Plaintiff's Complaint are barred by Plaintiff's acts, omissions, representations, and courses of conduct by which Defendant relied to its detriment.

52. Plaintiff induced Defendant to rely to Defendant's detriment on its representation that it would provide the source code version of the Software under the terms of License Agreement and provide maintenance and support services pursuant to an oral agreement between the parties.

53. Defendant relied on Plaintiff's representations to its detriment by paying for these services and source code and expending additional time and money to conduct its operations due to the fact that Plaintiff failed to provide adequate services or the current version of the source code.

54. Plaintiff's claims are thereby barred by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (JUDICIAL IMMUNITY)

55. Paragraphs 1 through 54 are fully incorporated herein by reference.

56. Plaintiff's claims are barred by judicial immunity to the extent the claims relate to any actions by the MDL 926 Claims Office, including actions by the MDL 926 Claims Administrator and MDL 926 Claims Office employees, which are protected by judicial immunity conferred by the MDL 926 Court, U.S. District Court for the Northern District of Alabama.

## COUNTERCLAIMS

## COUNTERCLAIM I

## BREACH OF CONTRACT:  LICENSE AGREEMENT

57. Paragraphs 1 through 56 are fully incorporated herein by reference.

58. On or about May 30, 2003, Defendant Claims Office and Plaintiff Josade Services entered into a License Agreement, which grants Defendant an exclusive perpetual license to use, sublicense, and make derivatives of the Software in the Field of Use.  See "License Agreement," Complaint Exhibit 1, Paragraph 1.

59. Paragraph 1 of the License Agreement defines the Software to include both object and source code versions of the Software, as well as all documentation related to the Software.  See id., Paragraph 1.

60. Defendant has paid all fees and royalties to Plaintiff and owes no further monies to Plaintiff for the Software, as acknowledged by the parties in the express terms of the License Agreement.  See id., Paragraph 4 and Recital iii.

61. Plaintiff has not provided to Defendant the source code version of the Software since April 2005 at which time, without Defendant's knowledge or approval, Plaintiff removed the source code version of the Software from Defendant's system.

62. When Plaintiff removed the source code version of the Software from Defendant's system in April 2005, Plaintiff did not inform Defendant of its action.

63. Plaintiff has failed to provide Defendant with the source code version of the Software despite Defendant's rights to use, sublicense, and make derivatives of the Software, including the source code version, and Defendant's full payment for such rights.

64. Plaintiff has a duty to perform in accordance with and abide by the terms of the License Agreement.

65. Defendant has fulfilled all of its duties and obligations under the License Agreement.

66. Plaintiff has willfully and materially breached the License Agreement by failing to provide Defendant with the source code version of the Software.

67. Without the source code version of the Software, Defendant cannot fully "use" the Software, to the detriment of Defendant and the MDL 926 Settlement Fund.

68. For example, the source code version of the Software would allow Defendant to use the Software in a manner that would allow verification that MDL 926 Settlement Fund claimants are entitled to full or partial payment because the claimants have not also been paid by a related, but separate settlement fund.

69. As a result of its inability to take this action, Defendant and the MDL 926 Settlement Fund are exposed to false claims and financial losses.

WHEREFORE, Defendant prays that this Court (a) enter a declaratory judgment that Defendant has an exclusive perpetual license to use, sublicense, and make derivatives of the Software, including the source code version of the Software, pursuant to the express terms of the License Agreement between the parties; (b) enter a declaratory judgment ordering Plaintiff to provide Defendant with the source code version of the Software; (c) award Defendant its related costs and attorneys' fees; and (d) award Defendant such further relief as it deems just and proper.

## COUNTERCLAIM II

### UNJUST ENRICHMENT:  LICENSE AGREEMENT

70. Paragraphs 1 through 69 are fully incorporated herein by reference.

71. Defendant provided valuable monetary compensation to Plaintiff for an exclusive perpetual license to use, sublicense, and make derivatives of the Software, including the source code, in the Field of Use.

72. As stated in the License Agreement, Defendant paid all fees and royalties to Plaintiff and owes no further compensation to Plaintiff for the Software, including the source code version of the Software. See "License Agreement," Complaint Exhibit 1, Paragraph 4 and Recital iii.

73. Plaintiff retains Defendant's full payment made pursuant to the License Agreement but has failed to comply with its obligations under the License Agreement to provide Defendant with the source code version of the Software.

74. Under these circumstances, Plaintiff has been unjustly enriched by its retention of Defendant's monetary payment for the Software, including the source code version of the Software, under the License Agreement.

WHEREFORE, Defendant prays that this Court (a) enter a declaratory judgment that Defendant has an exclusive perpetual license to use, sublicense, and make derivatives of the Software, including the source code version of the Software, pursuant to the express terms of the License Agreement between the parties; (b) enter a declaratory judgment ordering Plaintiff to provide Defendant with the source code version of the Software; (c) award Defendant its related costs and attorneys' fees; and (d) award Defendant such further relief as it deems just and proper.

## COUNTERCLAIM III

## PROMISSORY ESTOPPEL:  LICENSE AGREEMENT

75. Paragraphs 1 through 74 are fully incorporated herein by reference.

76. Plaintiff promised to grant Defendant an exclusive perpetual license to use, sublicense, and make derivatives of the Software, including the source code version of the Software, in the Field of Use.

77. Plaintiff's promise to grant Defendant such license induced Defendant to pay in full for this benefit and Defendant relied on Plaintiff's promise to its detriment.

78. As stated in the License Agreement, Defendant paid all fees and royalties to Plaintiff and owes no further compensation to Plaintiff for the Software, including the source code version.  See "License Agreement," Complaint Exhibit 1, Paragraph 4 and Recital iii.

79. Enforcement of Plaintiff's contractual obligation to provide the source code version of the Software to Defendant would prevent injustice.

WHEREFORE, Defendant prays that this Court (a) enter a declaratory judgment that Defendant has an exclusive perpetual license to use, sublicense, and make derivatives of the Software, including the source code version of the Software, pursuant to the express terms of the License Agreement between the parties; (b) enter a declaratory judgment ordering Plaintiff to provide Defendant with the source code version of the Software; (c) award Defendant its related costs and attorneys' fees; and (d) award Defendant such further relief as it deems just and proper.

## COUNTERCLAIM IV

### BREACH OF CONTRACT:  ORAL AGREEMENT FOR SERVICES RELATED TO SERVER

80. Paragraphs 1 through 79 are fully incorporated herein by reference.

81. The MDL 926 Payment Office requested that Plaintiff install a new server to support the activities of the Payment Office.

82. On or about July 2005, Plaintiff installed a Novell 6.5 server in the MDL 926 Payment Office.

83. Plaintiff has billed Defendant $56,264.06 for installation of the Novell 6.5 server.

84. The itemized cost for the hardware for the server was $2,406.06 and the remaining charges for services were described as "Analysis," "Network & Tech Management," or "Testing."

85. The MDL 926 Payment Office experienced repeated technical problems with this server, such as system slowness, which rendered the server useless for claims payment processing.

86. The MDL 926 Payment Office informed Plaintiff of the technical problems with the Novell 6.5 server.

87. Plaintiff did not remedy the technical problems with the Novell 6.5 server.

88. Defendant paid $10,000 to Plaintiff for the Novell 6.5 server hardware and services.

89. The Novell 6.5 server remained unusable to support the activities of the Payment Office.

90. As a result, Defendant had to obtain the services of a third-party computer maintenance and support services company to replace the Novell 6.5 server with a Windows 2003 server.

91. The Windows 2003 server had no technical issues and cost a total of $9,816.28 for hardware and services, a fraction of the amount charged by Plaintiff.

92. Plaintiff materially breached the parties' agreement relating to installation of the new Novell 6.5 server by failing to provide a product that met the needs of the Payment Office or related support services to make the server operational.

WHEREFORE, Defendant prays that this Court (a) award compensatory damages to Defendant in the amount Defendant paid to Plaintiff for the Novell 6.5 server, $10,000, plus interest, costs, attorney's fees, and other further relief as the Court deems just and proper; and (b) enter a declaratory judgment that Defendant owes Plaintiff no further payments for hardware, testing, training, troubleshooting, or other services related to the Novell 6.5 server.

## COUNTERCLAIM V

## UNJUST ENRICHMENT:  ORAL AGREEMENT FOR SERVER

93. Paragraphs 1 through 92 are fully incorporated herein by reference.

94. Defendant provided to Plaintiff valuable monetary compensation in the sum of $10,000 for the installation of the Novell 6.5 server in the MDL 926 Payment Office.

95. Plaintiff retains Defendant's payment for the Novell 6.5 server, but has failed to provide a product that can support the activities of the Payment Office.

96. Under these circumstances, Plaintiff has been unjustly enriched by its retention of Defendant's $10,000 payment for the Novell 6.5 server because Plaintiff failed to provide a product that met the needs of the Payment Office or related support services to make the server operational.

WHEREFORE, Defendant prays that this Court (a) award compensatory damages to Defendant in the amount Defendant paid to Plaintiff for the Novell 6.5 server, $10,000, plus interest, costs, attorney's fees, and other further relief as the Court deems just and proper; and (b) enter a declaratory judgment that Defendant owes Plaintiff no further payments for hardware, testing, training, troubleshooting, or other services related to the Novell 6.5 server.

## COUNTERCLAIM VI

## PROMISSORY ESTOPPEL:  ORAL AGREEMENT FOR SERVER

97. Paragraphs 1 through 96 are fully incorporated herein by reference.

98. Defendant paid Plaintiff $10,000 for the Novell 6.5 server services.

99. In turn, Plaintiff promised to provide Defendant with a functioning Novell 6.5 server and related testing, training, and troubleshooting.

100. Plaintiff's promise to provide Defendant with a functioning Novell 6.5 server induced Defendant to pay $10,000 for this benefit and Defendant relied on Plaintiff's promise to its detriment.

101. The Novell 6.5 server remains unusable to support the activities of the Payment Office.

102. Plaintiff materially breached the parties' agreement relating to installation of the new Novell 6.5 server by failing to provide a product that met the needs of the Payment Office or related support services to make the server operational.

WHEREFORE, Defendant prays that this Court (a) award compensatory damages to Defendant in the amount Defendant paid to Plaintiff for the Novell 6.5 server, $10,000, plus interest, costs, attorney's fees, and other further relief as the Court deems just and proper; and (b) enter a declaratory judgment that Defendant owes Plaintiff no further payments for hardware, testing, training, troubleshooting, or other services related to the Novell 6.5 server.

## COUNTERCLAIM VII

## PETITION FOR AN ACCOUNTING

103. Paragraphs 1 through 102 are fully incorporated herein by reference.

104. Defendant disputes the amounts Plaintiff claims are due by Defendant with regard to the disputed maintenance and support services, including but not limited to (a) Check Clearance Problems, (b) MDL Compare Utility and Report, (c) Payment Allocation Report - Selection Screen Mode, and (d) Version Integration.

105. Defendant disputes whether Plaintiff had proper authorization, provided estimates for services, spent a reasonable number of hours, and/or billed a reasonable amount for these services, and therefore Defendant seeks an accounting to determine whether it owes any further payments to Plaintiff for these services.

WHEREFORE, Defendant prays that this Court enter a declaratory judgment ordering Plaintiff to provide a complete accounting of all maintenance and support services for which Plaintiff now asserts claims, detailing all amounts alleged by Plaintiff to be due from

Defendant, specifically listing the dates of such services, and describing in detail the services provided on each date, as well as the amount charged and allegedly due.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2. The Court enter a declaratory judgment that Defendant has an exclusive perpetual license to use, sublicense, and make derivatives of the Software, including the source code version of the Software, pursuant to the express terms of the License Agreement between the parties;

3. The Court enter a declaratory judgment ordering Plaintiff to provide Defendant with the source code version of the Software;

4. The Court award Defendant its costs and attorneys' fees related to the source code version of the Software;

5. The Court award compensatory damages to Defendant in the amount Defendant paid to Plaintiff for the Novell 6.5 server, $10,000, plus interest, costs, and attorney's fees;

6. The Court enter a declaratory judgment that Defendant owes Plaintiff no further payments for hardware, testing, training, troubleshooting, or other services related to the Novell 6.5 server;

7. The Court enter a declaratory judgment ordering Plaintiff to provide a complete accounting of all maintenance and support services for which Plaintiff now asserts Claims, detailing all amounts alleged by Plaintiff to be due from Defendant, specifically listing the dates of such services, and describing in detail the services provided on each date, as well as the amount charged and allegedly due; and

8. The Court award Defendant such further relief as it deems just and proper.

Dated: September 28, 2007

Respectfully submitted,

By:     /s/
Maria Colsey Heard (DC#449677)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-2200

Attorney for Plaintiff MDL 926 Claims Office

## **CERTIFICATE OF SERVICE**

        I hereby certify that I have on this 28th day of September 2007 electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have served a copy of the foregoing by placing the same in First Class U.S. Mail, postage prepaid and properly addressed to the following:

        Ashley E. Wiggins (DC #481557)
        Griffin & Murphy, LLP
        1912 Sunderland Place, NW
        Washington, DC  20036

        Patrick Patronas
        Lloyd, Gray & Whitehead, P.C.
        2501 20th Place South, Suite 300
        Birmingham, AL  35223

                                  /s/
                          Maria Colsey Heard (DC #449677)